UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANNE CHIMELIS,

                    Plaintiff,

                  -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY,
POLICE DEPARTMENT, POLICE OFFICER
PETER ALVAREZ, in his individual and official
capacity, POLICE OFFICER GERALD IANONNE,
in his individual and official capacity, SERGEANT
MICHAEL ALFERI, Badge # 1265, in his individual
and official capacity.

                  Defendants.
----------------------------------------------------------------X

**ORDER**

21-CV-7079 (FB) (JMW)

**WICKS,** Magistrate Judge:

Before the Court is Plaintiff Anne Chimelis' motion for yet another extension of the "final" deadline to complete fact discovery in order to amend the complaint to add a new defendant and depose the newly added defendant. (ECF No. 30.) Defendants oppose this request. (ECF No. 31.)[1] The request is denied for the reasons stated herein.

### I.    THE LEGAL CONTEXT

Pursuant to Fed. R. Civ. P. 16(b)(1)(B), whenever an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after time has expired if the party failed to act because of excusable neglect. "It is the movant's burden to

---

[1] Defendants' opposition appears to treat Plaintiff's request as one for leave to amend in addition for leave to extend the deadline for fact discovery, however, the Court neither reads the request that way nor does it treat it as such.

1

establish good cause." *Kontarines v. Mortgage Electronic Registration Systems, Inc.*, 15-CV-2206 (ARR), 2016 WL 3821310, at *3 (E.D.N.Y. July 12, 2016) (citations omitted).

"Good cause requires that the delay stemmed from any mistake, excusable neglect, or any other factor which might understandably account for failure of counsel to undertake or comply with the Scheduling Order." *Jipeng Du v. Wan Sang Chow*, No. 18-CV-1692 (ADS) (AKT), 2019 WL 3767536, at *3 (E.D.N.Y. Aug. 9, 2019) (citations omitted). (internal quotation and citations omitted). "To satisfy the good cause standard the party must show that, despite its having exercised diligence, the applicable deadline could not have reasonably been met." *Leonard v. Abbott Laboratories, Inc.*, No. 10-CV-4676 (ADS)(WDW), 2012 WL 764199, at *3 (E.D.N.Y. Mar. 5, 2012) (internal quotations and citations omitted).

A court may consider other factors, such as prejudice to non-moving parties, but "diligence remains the central focus of the court's inquiry." *Desir v. Austin*, No. 13-CV-0912 (DLI) (VMS), 2015 WL 4546625, at *2 (E.D.N.Y. July 28, 2015) (citations omitted). "The following factors are not compatible with a finding of diligence and do not provide a basis for relief: carelessness, an attorney's otherwise busy schedule, or a change in litigation strategy." *Furry Puppet Studio Inc. v. Fall Out Boy*, No. 19-CV-2345 (LJL), 2020 WL 4978080, at *1 (S.D.N.Y. Feb. 24, 2020) (citation omitted).

It is against this backdrop that the latest application is considered.

## II.   DISCUSSION

The Court assumes the parties' familiarity with the background of this case. As relevant here, pursuant to the Scheduling Order entered on March 23, 2022, the parties' deadline for

completion of fact discovery was originally October 1, 2022.  (ECF No. 12.)  This deadline has evolved in this case because of numerous extensions as follows:

- December 31, 2022  (ECF No. 14)
- June 23, 2023 (ECF No. 24)
- September 22, 2023 (ECF No. 29)

The Court was unequivocal in extending the deadline for fact discovery to September 22, 2023, that "[t]his [was] [the] final extension, and 'final' means 'final.'" (Electronic Order dated June 22, 2023 (citing *In re Harris*, 228 B.R. 740, 745 (Bankr. D. Ariz. 1998) ("[t]he plain meaning of the word 'final' means final").)   And "I meant what I said and I said what I meant."  Dr. Seuss.  This is now the fourth request to extend.

On the very day discovery was to close, namely, September 22, 2023, Plaintiff filed the instant motion which seeking additional time for fact discovery.  (ECF No. 30.)  Plaintiff avers that the information forming the basis for the request was uncovered only the day before:  on September 21, 2023.  (ECF No. 30 at 2.)  Plaintiff learned during a deposition that police officer McLaren was involved in the arrest and/or process of arresting Plaintiff.  (*Id*. at 1.)  Plaintiff asserts this information could not have been learned without the deposition testimony.  (*Id*. at 2.)  Thus, Plaintiff requests a thirty-day extension of the fact discovery deadline so that Plaintiff can amend the complaint to add McLaren and then depose him.  (*Id*.)

The Court gave Defendants until September 25, 2023 to file a response, which they did.  (*See* ECF No. 35.)  Defendants aver that Plaintiff fails to establish good cause, the standard which governs Plaintiff's request to extend discovery deadlines.  Primarily, Defendants argue that McLaren's existence and involvement in Plaintiff's arrest was not a state secret, and was known, or should have been known to Plaintiff far before now.  The Court agrees.

Here, Plaintiff is years late and without an adequate explanation. Defendants note that McLaren was listed in discovery disclosures made in the underlying criminal case to Plaintiff on December 3, 2020, and in the disclosures made in the instant case on March 6, 2023. (ECF No. 31 at 1–2.) Thus, at the time Plaintiff amended her complaint back in April she had the discovery disclosures from the underlying criminal action for about two and a half years. (*Id*.) Plaintiff only rebuts that there are other officers noted in the disclosures. (ECF No. 30 at 1.) That more officers are identified does not shift Plaintiff's burden of diligently reviewing the disclosures to determine the proper parties. The fact remains Plaintiff was in possession of the necessary information for a considerable length of time. *See Kaba v. Delight Const. Corp.*, No. 2008-CV-2594 (JBW) (MDG), 2009 WL 2929235, at *1 (E.D.N.Y. Sept. 9, 2009) (finding a lack of good cause where defendant knew the identities of the witnesses for approximately five months); *see also Harris v. Computer Assocs. Int'l, Inc.*, 204 F.R.D. 44, 45 (E.D.N.Y. 2001) ("Discovery should not be extended when a party had an ample opportunity to pursue the evidence during discovery.").

Further, the Court does not doubt Plaintiff's assertion that the September 21, 2023 deposition was the impetus for the instant request. This however, further underscores Plaintiff's lack of diligence in identifying McLaren. Instead of carefully examining disclosures made years prior, Plaintiff learned of McLaren through a deposition that was scheduled, for whatever reason, one day before the end of fact discovery.

4

### III. CONCLUSION

Based upon the foregoing, Plaintiff's request to extend the deadline for fact discovery is hereby denied. The dates and deadlines adopted on June 22, 2023 remain in place. (*See* Electronic Order dated June 22, 2023.)

Dated: Central Islip, New York
September 26, 2023

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge